UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL NIXON, SR., | ) | Case No. 1:04 CV 0387 |
| | ) | |
| Petitioner, | ) | Judge Solomon Oliver, Jr. |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | OF MAGISTRATE JUDGE |
| MARGARET BRADSHAW, WARDEN, | ) | |
| | ) | |
| Respondent. | ) | Magistrate Judge James S. Gallas |
| | ) | |

The petitioner, Daniel L. Nixon, is a state prisoner at the Mansfield Correctional

Institution where he is in the custody of the respondent, Warden Mary Bradshaw.  Nixon has

been in the custody of the State of Ohio from the time when the Lorain County Court of

Common Pleas sentenced Nixon to 28 years in prison, on May 31, 2000, after a jury found him

guilty of two counts of rape, four counts of kidnaping, and one count each of felonious assault,

robbery, domestic violence, and aggravated menacing.  Nixon thereafter exhausted his state

remedies and has submitted his grounds to this federal district court for habeas corpus review

pursuant to 28 U.S.C. § 2254, seeking to overturn his conviction and sentence.[1]

---

[1]  Nixon's petition raised the following twelve grounds:
1.  Trial court admitted evidence of "other acts" – In violation of the 5th, 6th, and 14th Amendments.
2.  Ineffective assistance of trial counsel – In violation of the 6th and 14th Amendments.
3.  Appellate Court abuse of discretion in entering final judgment – In violation of the 5th, 6th, and 14th Amendments.
4.  Insufficient evidence collection – In violation of the 6th and 14th Amendments.
5.  Prosecutorial Misconduct – In violation of the 6th and 14th Amendments.
6.  Failure to disclose evidence – In violation of the 6th and 14th Amendments.
7.  Withholding of Evidence – In violation of the 6th and 14th Amendments.
8.  Trial court error in characterization of inconsistent testimony – In violation of the 6th and 14th Amendments.
9.  Trial court error in limiting subject matter of cross-examination – In violation of the 6th and 14th Amendments.
10.  Denial of right to counsel on appeal – In violation of the 6th and 14th Amendments.

1:04 CV 0387                                    2

Nixon exercised direct appeal, sought state post-conviction relief petition, and filed an

Ohio App.R. 26(B) application to reopen appeal for ineffective assistance of counsel on appeal.

Because the respondent argues that several of these grounds have been procedurally defaulted,

this necessitates identification of the stage at which each ground presented.

On direct appeal, Nixon assigned error to the state trial court (grounds 1, and 2 of this

petition).  In its April, 2001 decision, the state appellate court reversed one of the two rape

convictions, finding insufficient evidence; however, this decision did not affect Nixon's sentence

since the trial court had sentenced concurrently to eight year prison terms for each count of rape.

*State v. Nixon*, Nos. 00CA007638, 00CA007624, 2001 WL 422885 at *8 (Ohio App. 9th Dist.,

Apr. 25, 2001).  Nixon then filed an unsuccessful timely appeal with the Supreme Court of Ohio,

again assigning error to the trial court and raising grounds challenging the state appellate court's

decision (grounds 1, 2, and 3 of this petition), which dismissed Nixon's appeal as not involving a

substantial constitutional question.  *State v. Nixon*, 93 Ohio St.3d 1411, 754 N.E.2d 259 (2001).

Meanwhile, in January, 2001, Nixon returned to the trial court with a state petition for

post conviction relief under to Ohio Rev. Code § 2953.21.  Nixon's petition alleged ineffective

counsel and intentional withholding of exculpatory evidence (grounds 2 and 7 of this petition).

The trial court belatedly denied this petition on June 17, 2004.  Nixon did not appeal.

---

11.  Failure of state trial court to issue findings of fact and conclusions of law regarding Nixon's petition for post-conviction relief – In violation of the 5th, 6th, and 14th Amendments.

12.  Undue delay by state trial court in issuing decision regarding Nixon's petition for post-conviction relief – In violation of the 5th, 6th, and 14th Amendments.

1:04 CV 0387                                    3

In August, 2002, while Nixon's first petition for post-conviction relief was still pending, Nixon filed a second petition for post-conviction relief.  The state trial court denied this petition on September 11, 2002.  Nixon filed a timely appeal alleging court error in the conduct and duration of the second post-conviction trial (grounds 11 and 12 of this petition).  The appellate court upheld the trial court denial, *State v. Nixon*, No. 2CA008148, 2003 WL 1524598 (Ohio App. 9th Dist., Mar. 26, 2003), and the Ohio Supreme Court did not allow appeal.  *State v. Nixon*, 99 Ohio St.3d 1467, 791 N.E.2d 983 (Ohio 2003).

Pursuant to Ohio Appellate Rule 26(B), Nixon also filed a timely application to re-open his appeal, alleging insufficient evidence collection, prosecutorial misconduct, and trial court error (grounds 4, 5, 6, 7, 8, and 9 of this petition).  In October, 2001, the court of appeals denied Nixon's application, and, in February, 2002, the Ohio Supreme Court dismissed Nixon's timely appeal, which added his claim that he was denied the right to counsel during his 26(B) appeal (ground 10 of this petition).

1:04 CV 0387                                            4

*Procedural default on claims raised in Nixon's first petition for post-conviction relief:*

The respondent contends parts 2 and 3 of ground 2,[2] and ground 7, are procedurally

barred because Nixon did not raise them on direct appeal from the state trial court's denial of his

first petition for post-conviction relief.  When the respondent argues that a habeas claim is

procedurally barred, courts in the Sixth-Circuit must engage in the four-part analysis outlined in

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).[3]  Applying *Maupin*, the court in *Lordi v.*

*Ishee*, 384 F.3d 189 (6th Cir. 2004), upheld the district court's finding of procedural default

where a habeas petitioner failed to raise the grounds of his federal habeas petition in state appeal.

*Id.* at 194; *see Coleman v. Thompson*, 501 U.S. 722, 735, 111 S.Ct. 2546, 115 L.Ed.2d 640

(1991) (claims are procedurally barred if the petitioner "failed to exhaust state remedies and the

court to which the petitioner would be required to present his claims in order to meet the

---

[2] Ground 2 of Nixon's petition, alleging ineffective assistance of counsel, is asserted in 3 parts:

    1.    Counsel failed to challenge the trial court's ruling regarding inconsistencies
        between Stephanie Nixon's trial testimony and her prior statements to police.
    2.    Counsel failed to introduce known exculpatory evidence contained in prior
        allegations made by Stephanie Nixon against the petitioner or argue their
        admissibility.
    3.    Counsel failed to introduce known exculpatory evidence to establish the motive
        of Stephanie Nixon to pursue false criminal charges against the petitioner.

[3] The following four-part analysis must be performed in order to verify the validity of the procedural rule
that constituted the basis for the alleged procedural default:

    (1) whether there is a procedural rule that is applicable to the petitioner's claim and
    whether the petitioner failed to follow this rule; (2) whether the state courts actually
    enforced the state procedural rule; (3) whether the state procedural rule is an adequate and
    independent state ground to foreclose federal relief; and if so (4) whether the petitioner
    has established cause for his failure to follow the rule and prejudice by the alleged
    constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *see White v. Schotten*, 201 F.3d 743, 749-51 (6th Cir.
2000), *cert. denied,* 531 U.S. 940 (2000); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001); *Carver v.
Staub*, 349 F.3d 340, 346 (6th Cir. 2003).

1:04 CV 0387                                                        5

exhaustion requirement would now find the claims procedurally barred" by state procedural law).


Completing the analysis required by *Maupin*, this Court must consider whether Nixon can show cause for his procedural default and resulting prejudice.  "Since both cause and prejudice must be shown to excuse a procedural default, the failure to establish cause eliminates the need to consider prejudice." *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004) (citing *Murray v. Carrier,* 477 U.S. 478, 494-95, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986)).  "In order to establish cause, a habeas corpus petitioner must show that 'some objective factor external to the defense' prevented the petitioner's compliance with a state procedural rule." Bonilla, 370 F.3d at 498 (quoting *Murray*, 477 U.S. at 488).  Nixon makes no such showing.  Rather, as stated earlier, he contends that the state trial court's one-line judgment entry precluded appeal.  (Pet. Mot. at M).  This is not the case; indeed, he appealed the similar denial of his second petition.  (Pet. Traverse at 4).  Accordingly, parts 2 and 3 of ground 2 and ground 7 are procedurally barred.


*Procedural default on claims raised in Nixon's 26(B) appeal:*

The respondent also contends that grounds 4, 5, 6, 8, and 9 are procedurally barred because "none of them were presented to the state court as an independent claim."  (Resp. Answer at 19).  Instead, these grounds according to the respondent "were presented for the first time in Nixon's App.R. 26(B) application and only as grounds to show ineffective assistance of counsel."  (Resp. Answer at 19).  "This circuit has held that the doctrine of exhaustion requires that a claim be presented to the state courts under the same theory in which it is later presented in

1:04 CV 0387                                       6

federal court." *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998) (citing *Pillette v. Foltz,* 824 F.2d 494, 497 (6th Cir.1987); *Prather v. Rees,* 822 F.2d 1418, 1421 (6th Cir.1987)); *Williams v. Bagley*, 380 F.3d 932, 969 (6th Cir. 2004).  Similarly, grounds raised in support of an ineffective counsel claim, even if individually addressed, do not excuse procedural default.  *Lott v. Coyle*, 261 F.3d 594, 611-612 (6th Cir. 2001) (claims raised for the first time in a *Murnahan* hearing to be procedurally barred even though the state court of appeals discussed the merits of the claims in addressing the claim of ineffective counsel).

In the present case, the state appellate court was explicit in its view that Nixon was arguing that "his trial counsel was ineffective for failing to object to or otherwise preserve for appellate review the issues raised."  (Resp. Answer, Exhibit 14 at 8).  Indeed, in Ohio, state courts engaging in collateral review may not hear claims that have been or could have been decided on direct review.  *Franklin v. Anderson*, 434 F.3d 412, 417 (6th Cir. 2006) (citing *Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002)).  With the exception of Nixon's claim of prosecutorial error (which the state appellate court noted had already been corrected on direct appeal), the appellate court concluded its discussion of each supporting claim in an almost identical manner: "[W]e conclude that appellant has failed to establish a genuine issue that his appellate counsel was deficient for failing to raise this issue on appeal and that there was a reasonable probability of success on appeal had the issue been raised."  (Resp. Answer, Exhibit 14 at 3).  The state court of appeals only considered the Nixon's claims insofar as they related to his claim of ineffective counsel; consequently, the grounds, as they are now independently raised in this petition, are procedurally barred.

1:04 CV 0387                                    7

   While procedurally barred claims may be considered on Federal habeas review if the petitioner shows cause for the procedural default and resulting prejudice, *Wainwright v. Sykes,* 433 U.S. 72, 84, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Lancaster v. Adams*, 324 F.3d 423, 436 (6th Cir. 2003)*, cert. denied*, 540 U.S. 1004, 124 S.Ct. 535, 157 L.Ed.2d 409 (2003), such a showing is difficult.  In order to show cause, the petitioner must demonstrate either that counsel was constitutionally ineffective under *Strickland v. Washington*, 466 U.S. 668, 106 S.Ct. 2052, 80 L.Ed.2d 674, or that "some objective factor external to the defense" prevented him from compliance.  *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639 (1986).  Nixon's petition indicates no external factor; therefore, he can only show cause by establishing the ineffectiveness of counsel.  Under *Strickland*, counsel is ineffective only if he or she performed unreasonably and caused prejudice to the defendant.  466 U.S. at 687.  Moreover, "judicial scrutiny of counsel's performance must be highly deferential."  *Id.* At 689.  Indeed, counsel has wide discretion to formulate an appeal, *Joshua v. DeWitt*, 341 F.3d 430, 441 (6th Cir. 2003), and "only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Monzo v. Edwards,* 281 F.3d 568, 579 (6th Cir.2002) (quoting *Gray v. Greer,* 800 F.2d 644, 646 (7th Cir.1986)).   Nixon had counsel on direct appeal, and his counsel successfully raised grounds which led to a reversal of one count of Nixon's conviction and a re-hearing regarding his status as a sexual offender.  Such success indicates that Nixon's counsel performed reasonably.  Even if this were not the case, Nixon makes no demonstration that "the result of the proceeding would have been different.". *Strickland*, 466 U.S. at 694.  Nixon cannot establish cause for his procedural default, and, again, "[s]ince both cause and prejudice must be shown to excuse a procedural default, the failure to

1:04 CV 0387                                   8

establish cause eliminates the need to consider prejudice." *Bonilla*, 370 F.3d at 497 (citing

*Murray,* 477 U.S. at 494-95).


Because grounds 4, 5, 6, 8, and 9 were not independently reviewed by the state courts,

the respondent's argument that they are procedurally barred is well-taken.[4]


*Ground 3 is procedurally barred as it is a new claim:*

Nixon further claims that the state appellate court violated his 5th, 6th, and 14th

Amendment rights to a fair trial and due process when it "abused its discretion in entering final

judgment on [his] remaining convictions after reversing count two (rape of Ted Squires) as

against the manifest weight of the evidence."  (Pet. Mot. at H).  Nixon reasons, "[t]he state

appellate court ruled that no rational jury could have voted to convict the petitioner as the

principle [sic] offender of the rape of Ted Squires, but then ruled that the same jury acted

rational [sic] when convicting the petitioner of the remaining charges."  (Pet. Mot. at H).  Nixon

claims he was denied his constitutional right to "be tried before a rational fact finder of twelve of

his equals."  (Pet. Traverse at 28).  In reality, this is a new ground of trial before an irrational

jury.  In state court Nixon had argued that conviction was against the manifest weight of the

evidence, but this argument had mutated into one asserting a different principle in federal court.

Failure to raise grounds on state appeal results in a procedural default which serves as an

adequate and independent state ground to bar federal review.  *See Lordi*, 384 F.3d at 194; *Rust v.*

---

[4] In addition to being procedurally barred, ground 5 is also moot because the state court of appeals corrected the error when it reversed Nixon's conviction for the rape of Ted Squires.

1:04 CV 0387                                      9

*Zent*, 17 F.3d 155, 160 (6th Cir. 1994).  "Federal courts lack jurisdiction to consider a habeas

petition claim that was not fairly presented to the state courts."  *Blackmon v. Booker*, 394 F.3d

399, 400 (6th Cir. 2004); *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003).  Consequently,

federal review of Nixon's claim is barred.


*Claims to be considered on the merits: Grounds 1, 2 (part one), 10, 11, and 12:*

*Standard of Review*:

        Federal habeas review in this case is governed by the Antiterrorism and Effective Death

Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254.  Under the AEDPA, this Court's may grant

habeas relief "if the relevant state-court decision was either (1) '*contrary to*·. . . clearly

established Federal law, as determined by the Supreme Court of the United States,' or (2)

'*involved an unreasonable application of* . . . clearly established Federal law, as determined by

the Supreme Court of the United States.'"  *Williams v. Taylor*, 529 U.S. 362, 404-405, 120 S.Ct.

1495, 146 L.Ed.2d 389 (2000).


        The phrases 'contrary to" and "unreasonable application" are not the same.  *Lockyer v.*

*Andrade*, 538 U.S. 63, 75-76, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003).  Under the "contrary to"

standard of review, a state court's decision is "contrary to" clearly established federal law when

it "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme

Court] and nevertheless arrives at a result different from [this] precedent."  *Williams*, 529 U.S. at

362.  Under the "unreasonable application" standard, "the state court identifies the correct

governing legal rule from [the Supreme] Court's decisions but unreasonably applies that

1:04 CV 0387                                              10

principle to the facts of the prisoner's case." *Id*. at 413; *Wiggins v. Smith*, 539 U.S. 510, 521, 123
S.Ct. 2527, 156 L.Ed.2d 471 (2003).  Moreover, in order to be unreasonable, the application of
precedent must be "objectively unreasonable." *Williams*, 529 U.S. at 409.


*Ground 1: Admission of "other acts" into evidence – In violation of the 5th, 6th, and 14th
Amendments:*

     Nixon contends that the trial court violated his 5th, 6th, and 14th Amendment rights by
admitting evidence of other acts, namely, Nixon's "pimping out" his wife to another bar patron
the prior week and stating to another bar patron that his wife would do whatever he asked.
Federal habeas review of evidentiary rulings, however, is "extremely limited," *Jordan v. Hurley,*
397 F.3d 360, 362 (6th Cir. 2005), and "[s]tate court evidentiary rulings do not rise to the level
of due process violations unless they 'offend . . . some principle of justice so rooted in the
traditions and conscience of our people as to be ranked as fundamental.'" *Coleman v. Mitchell,*
268 F.3d 417, 439 (6th Cir.2001) (quoting *Patterson v. New York,* 432 U.S. 197, 202, 97 S.Ct.
2319, 53 L.Ed.2d 281 (1977).  Consequently, this Court may only grant habeas relief on an
evidentiary issue if the "ruling is so egregious that it results in a denial of fundamental fairness."
*Baze v. Parker*, 371 F.3d 310, 324 (6th Cir. 2004).


     While Nixon claims the state trial court's evidentiary rulings violated Ohio Rule of
Evidence 404(B) and § 2945.59 of the Ohio Revised Code, both permit courts to admit evidence
of other acts that "tends to show the motive, plan and identity of defendant."  *State v. Hill*, 64
Ohio St.3d 313, 322, 595 N.E.2d 884 (1992).  Indeed, the state appellate court held that the trial

1:04 CV 0387                                                    11

court was correct to permit the introduction of evidence regarding Nixon's similar and related behavior one-week before the events for which he was tried because "the evidence of Mr. Nixon's prior act provides inextricably related background information necessary to give a complete picture of the crimes charged and tends to show Mr. Nixon's motive for reacting violently against his victims."  *State v. Nixon*, 2001 WL 422885, *5 (Ohio App. 9 Dist. 2001). Habeas review of evidentiary decisions is highly deferential, and the state trial court's ruling was neither contrary to nor an unreasonable application of clearly established federal law.  Therefore, Nixon's claim that the state trial court's evidentiary rulings violated his 5th, 6th, and 14th Amendment rights is without merit.

*Ground 2 (Part 1) – Ineffective assistance of trial counsel:*

        While Nixon procedurally defaulted on parts 2 and 3 of ground 2, part 1 was properly presented to the state courts for review.  Nixon claims that trial counsel was ineffective for failing to challenge the state trial court's determination regarding inconsistencies between Stephanie Nixon's trial testimony and her prior statements to police during their investigation. As previously discussed, counsel is ineffective only if he or she performed unreasonably and caused prejudice to the defendant.  *Strickland*, 466 U.S. at 687.  In fact, "[c]ounsel is constitutionally ineffective only if performance below professional standards caused the defendant to lose what he otherwise would probably have won."  *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992).  Moreover, as the respondent correctly notes, (Resp. Answer at 27), this court is limited by the AEDPA to considering whether the state appellate decision was

1:04 CV 0387                                        12

contrary to or an unreasonable application of clearly established federal law.  28 U.S.C. §

2254(d)(1).  In its review of the state trial court, the Ohio Court of Appeals applied *Strickland*:

> Following Ms. Nixon's direct testimony, an *in camera* review of her audio-taped
> statement to police was held. The trial court found that only one minor
> inconsistency existed. Mr. Nixon asserts that because his trial counsel did not
> object to the trial court's determination, his counsel was ineffective. However, Mr.
> Nixon's counsel continued to attempt to introduce the alleged inconsistencies
> between Ms. Nixon's trial testimony and her prior statement, during his cross-
> examination of Detective Leiby. When the trial court sustained the state's
> objections to the admission of the prior statements made by Ms. Nixon, Mr.
> Nixon's trial counsel proffered what the testimony would have been if it had been
> permitted and enumerated various alleged inconsistencies. Mr. Nixon's counsel
> repeatedly tried to bring into evidence these alleged inconsistencies. In light of
> counsel's various efforts to introduce such evidence despite the trial court's ruling
> that it was inadmissible, we cannot conclude that Mr. Nixon's counsel's
> performance was deficient. Further, even if counsel's performance was deficient,
> we find that it did not prejudice the defense and deprive Mr. Nixon of a fair trial.

*State v. Nixon*, 2001 WL 422885, *19 (Ohio App. 9 Dist. 2001).  This application of *Strickland*

was neither contrary to nor an unreasonable application of federal law; consequently, Nixon's

ineffective counsel claim is without merit.


*Ground 10*:

Next, Nixon challenges his conviction on the grounds that he was denied the right to

counsel during his appeal pursuant to Ohio Appellate Rule 26(B).  This claim, however, ignores

settled law:

> [T]he relevant state law, the distinctions between direct review and collateral
> review, and the structure and function of the AEDPA support the conclusion that
> a Rule 26(B) application to reopen is a collateral matter rather than part of direct
> review. As such, there is no federal constitutional right to assistance of counsel at
> that stage."

1:04 CV 0387                                    13

*Lopez v. Wilson,* 426 F.3d 339, 352 (6th Cir. 2005) (citing) *Pennsylvania v. Finley,* 481 U.S.

551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987).


*Grounds 11 and 12:*

        Finally, Nixon raises grounds pertaining to his petition for post-conviction relief,

contending that the state trial court's failure to issue findings of fact and conclusions of law

violated his due process rights, and that the state trial court's delay issuing a decision created an

impediment to his presenting claims for federal relief.  However, "[i]t is clear, not only from the

language of §§ 2241(c)(3) and 2254(a), but also from the common-law history of the writ, that

the essence of habeas corpus is an attack by a person in custody upon the legality of that custody,

and that the traditional function of the writ is to secure release from illegal custody."  *Preiser v.

Rodriguez,* 411 U.S. 475,  484, 93 S.Ct. 1827, 36 L.Ed.2d (1973).  Indeed, "the writ is not the

proper means by which prisoners should challenge errors or deficiencies in state post-conviction

proceedings . . . because the claims address collateral matters and not the underlying state

conviction giving rise to the prisoner's incarceration."  *Kirby v. Dutton*, 794 F.2d 245, 247 (6th

Cir. 1986).  Even if this Court were to find merit in Nixon's claims regarding the post-conviction

proceedings, such a finding would not affect his continued incarceration, and, therefore, these

claims are not cognizable on habeas review.

1:04 CV 0387                                                    14


### CONCLUSION AND RECOMMENDATION

Based upon review of the petition and applicable law, the petitioner's motion for writ of

habeas corpus, pursuant to 28 U.S.C. § 2254, should be denied.


                                        _____s/James S. Gallas_____
                                                United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of

Court within ten (10) days of mailing of this notice.  Failure to file objections within the

specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See, United

States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).


Dated: June 15, 2006