UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL L. NIXON, SR., | ) | Case No.: 1:04 CV 387 |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| MARGARET BRADSHAW, WARDEN, | ) | |
| | ) | |
| Respondent | ) | ORDER |

Pending before the court are: (1) Petitioner Daniel L. Nixon, Sr.'s ("Petitioner" or "Nixon") *pro se* Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254 (ECF No. 1); (2) Respondent Margaret Bradshaw's ("Respondent") Motion to Strike Petitioner's Notice to Update the Court (ECF No. 40); and, (3) Petitioner's Motion Requesting Court Order with Instructions. (ECF No. 41.) For the foregoing reasons, the court: (1) denies Nixon's Petition; (2) grants Respondent's Motion to Strike; and, (3) denies Petitioner's Motion Requesting Court Order with Instructions.

## I. NIXON'S PETITION FOR A WRIT OF HABEAS CORPUS, PURSUANT TO 28 U.S.C. § 2254

A Lorain County Court of Common Pleas jury found Petitioner guilty of the following counts related to Petitioner's acts against his ex-wife, Stephanie Nixon, and her friend, Ted Squires: (1) two counts of rape; (2) two counts of kidnapping; (3) one count of felonious assault; (4) one count of aggravated menacing; (5) one count of domestic violence; and, (6) one count of robbery.

(Respondent's Answer, ECF No. 23, Exs. 2, 3, Case No. 99 CR 5350.) A "sexual motivation" count was attached to the rape, kidnapping, felonious assault, and aggravated menacing counts. (*Id.*) Petitioner was sentenced on May 31, 2000, to a total term of 28 years of incarceration. (*Id.*, Ex. 3.) Following a sexual-offender hearing, Petitioner was adjudicated as a sexual predator. (*Id.*, Ex. 4.) On direct appeal, the Ninth District Court of Appeals, Lorain County, found insufficient evidence to support Petitioner's conviction for the rape of Ted Squires. (*Id.,* Ex. 8.) The Appeals Court affirmed Petitioner's conviction for the remainder of the counts. (*Id.*) Additionally, the court vacated Nixon's classification as a sexual predator and remanded the case to the trial court for a sexual-offender classification hearing with proper notice, in accordance with the applicable statute. (*Id.*)

Petitioner raises the following grounds for relief in his § 2254 Petition:

1. Trial court admitted evidence of "other acts" in violation of the 5th, 6th, and 14th Amendments.

2. Ineffective assistance of trial counsel in violation of the 6th and 14th Amendments, in three parts:

> (a) Counsel failed to challenge the trial court's ruling regarding inconsistencies between Stephanie Nixon's trial testimony and her prior statements to police;
>
> (b) Counsel failed to introduce known exculpatory evidence contained in prior allegations made by Stephanie Nixon against the petitioner or argue their admissibility; and
>
> (c) Counsel failed to introduce known exculpatory evidence to establish the motive of Stephanie Nixon to pursue false criminal charges against the petitioner.

3. Appellate Court abuse of discretion in entering final judgment – violation of the 5th, 6th, and 14th Amendments.

4. Insufficient evidence collection – In violation of the 6th and 14th Amendments.

    5. Prosecutorial Misconduct – In violation of the 6th and 14th Amendments.

    6. Failure to disclose evidence – In violation of the 6th and 14th Amendments.

    7. Withholding of Evidence – In violation of the 6th and 14th Amendments.

    8. Trial court error in characterization of inconsistent testimony – In violation of the 6th and 14th Amendments.

    9. Trial court error in limiting subject matter of cross-examination – In violation of the 6th and 14th Amendments.

    10. Denial of right to counsel on appeal – In violation of the 6th and 14th Amendments.

    11. Failure of state trial court to issue findings of fact and conclusions of law regarding Nixon's petition for post-conviction relief – In violation of the 5th, 6th, and 14th Amendments.

    12. Undue delay by state trial court in issuing decision regarding Nixon's petition for postconviction relief – In violation of the 5th, 6th, and 14th Amendments.

(Report and Recommendation, "R&R," at 1-2 n.1).

The case was referred to Magistrate Judge James S. Gallas ("Magistrate Judge") for the preparation of an R&R. The Magistrate Judge issued his R&R on June 15, 2006. (ECF No. 33.) The Magistrate Judge recommended that the court deny Nixon's Petition. Specifically, the Magistrate Judge concluded that: (1) grounds 2 (parts 2 and 3), 3, 4, 5, 6, 7, 8, and 9 are procedurally defaulted; and (2) grounds 1, 2 (part one) and 10 fail on the merits because the relevant state court decisions were not contrary to, or involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; and (3) grounds 11 and 12 are not cognizable in federal habeas corpus and should be dismissed. (R&R at 4-11.)

Petitioner timely filed his Objections to the R&R on June 23, 2006. Petitioner argues that his claims are not procedurally defaulted. Moreover, Petitioner argues that the Magistrate Judge did

not address the "miscarriage of justice standard which the Petitioner relied upon for excusing a potential procedural default." (*See, e.g.,* Objections at 5.) Stated differently, Petitioner maintains that the Magistrate Judge "applied a procedural default without ever considering the Petitioner's claim of actual innocence." (*See, e.g,* Objections at 5.) Additionally, Petitioner argues that grounds 11 and 12 are cognizable before the federal courts.

The court finds that Petitioner's Objections are not well-taken.  First, for the reasons stated in the R&R, Petitioner's claims are procedurally defaulted.  Secondly, for the reasons stated in the R&R, Petitioner's state post-conviction proceedings are not cognizable on habeas review because the claims address collateral matters, and not the underlying state conviction giving rise to Petitioner's incarceration.  Finally, Petitioner is correct when he asserts that the Magistrate Judge did not address Petitioner's actual innocence claims.  However, the court finds upon review of the evidence presented in support of his claim that Petitioner's argument is not well-taken.

In *House v. Bell,* 547 U.S. 518, 536 (2006), the Supreme Court recognized a miscarriage of justice exception to the requirement that a petitioner must show cause and prejudice to excuse a procedural default.  In *House*, 547 U.S. at 536, the Court stated that it adopted a specific rule in *Schlup v. Delo,* 513 U.S. 298 (1995), to implement this general principle.  As stated in *House,* "*Schlup* held that prisoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found the petitioner guilty beyond a reasonable doubt.'" *House,* 547 U.S. at 537 (quoting *Schlup,* 513 U.S. at 327) (emphasis added).  First, the *House* Court explained, 547 U.S. at 537, that new evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical

4

evidence -- is required for a gateway claim to be credible. Secondly, the *House* Court emphasized that:

> It bears repeating that the *Schlup* standard is demanding and permits review only in the "extraordinary" case. At the same time, though, the *Schlup* standard does not require absolute certainty about the petitioner's guilt or innocence. A petitioner's burden at the gateway stage is to demonstrate that more likely than not, <u>in light of the new evidence</u>, no reasonable juror would find him guilty beyond a reasonable doubt--or, to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt.

*Id.* at 538 (citations omitted) (emphasis added). Finally, the *House* Court explained that:

> Because a *Schlup* claim involves evidence the trial jury did not have before it, the inquiry requires the federal court to assess how reasonable jurors would react to the overall, newly supplemented record.

*Id.* at 538-39.

In *House,* the petitioner was convicted in state court of murder, with an aggravating factor of rape. *Id.* at 521. The *House* petitioner was sentenced to death and subsequently filed a § 2254 petition in federal district court. *Id.* The district court held that the petitioner's claims were procedurally defaulted and that he did not meet his burden of establishing the miscarriage of justice exception, and the Sixth Circuit affirmed the district court's ruling. *Id.* at 521-22. The *House* Court reversed the Sixth Circuit and remanded the case for consideration of the petitioner's procedurally barred claims, finding that it was more likely than not that no reasonable juror viewing the record as a whole would find the petitioner guilty beyond a reasonable doubt. *Id.* at 554-55. The *House* Court based its ruling in light of new evidence that: (1) conclusively established that semen on the victim's clothes was that of the victim's husband; (2) indicated that bloodstains on the petitioner's clothing resulted from spillage from samples of the victim's blood in the crime lab; and, (3) the victim's husband was the likely murderer. *Id.* at 554-55.

5

Here, Petitioner argues that "new reliable evidence not presented during the Petitioner's trial establishes that it is more likely than not that no reasonable juror would have voted to convict the Petitioner." (Mem. in Support of Pet. at 82, citing Pet. at 91-100.) (Mem. in Support of Pet. at 91-100.) This "new reliable evidence," identified by Petitioner as "exculpatory evidence," are the prior allegations against Petitioner by his ex-wife, Stephanie Nixon, which Petitioner's trial counsel did not present at trial. (*Id.* at 91-100.) As identified by Petitioner, these prior allegations include:

> (1) C.A. No. 90CR289: The Petitioner is arrested and charged with domestic violence in connection with a complaint filed by Stephanie Nixon, but the charges are later dismissed at the request of Stephanie Nixon.
>
> (2) C.A. No. 92CRB0206: The Petitioner is arrested in connection with a complaint filed by Stephanie Nixon.
>
> (3) Police Report: According to Stephanie Nixon, the Petitioner wanted to have sex with her but not in a normal way. The Petitioner wanted her to perform oral sex on him, or allow him to have anal sex with her. When she refused both, the Petitioner began throwing her around the room stating that he was going to get one or the other. When she again refused, the Petitioner went to the kitchen area, got a fork, placed it to her throat, and threatened to kill her.
>
> (4) C.A. No. 92CR5297: The Petitioner is arrested in connection with a complaint filed by Stephanie Nixon.
>
> (5) Police Report: According to Stephanie Nixon, after she finished performing oral sex on the Petitioner, he ordered her to perform oral sex on John, their landlord. She further advised that the Petitioner had forced her, in the past, to engage in sex acts with their landlord in exchange for free rent, but today she refused, and she was slapped by the Petitioner. The Petitioner then threatened to beat her if she did not obey him.

(*Id.* at 93.) Petitioner argues that "[t]here is no question that the prior allegations made by Stephanie Nixon were material to Petitioner's claim of innocence, and further, defense counsel, under the Constitution, had the duty to introduce them." (*Id.* at 94.) Petitioner asserts that counsel should have introduced this "exculpatory evidence" to "establish the motive of Stephanie Nixon to

6

pursue false criminal charges against the Petitioner, which was material to the Petitioner's claim of innocence." (*Id.* at 95.)

Here, unlike the petitioner in *House,* the court does not find that Petitioner's so-called "exculpatory evidence" is "new evidence," such as exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence that is required for a gateway claim to be credible. Even if this "exculpatory evidence" could be considered "new evidence," Petitioner has not satisfied his burden of demonstrating that more likely than not, no reasonable juror would find him guilty beyond a reasonable doubt in light of this new evidence. Therefore, the court finds that Petitioner does not satisfy the stringent miscarriage of justice exception to the requirement that he must show cause and prejudice to excuse a procedural default.

Upon careful *de novo* review of the Magistrate Judge's R&R and all other relevant documents in the record, this court finds that the Magistrate Judge's conclusions are fully supported by the record and controlling case law. Accordingly, for the reasons stated by the Magistrate Judge, the court adopts as its own the Magistrate Judge's R&R, as supplemented by this Order.

## II. RESPONDENT'S MOTION TO STRIKE PETITIONER'S MOTION TO UPDATE THE COURT

On the same day that Petitioner filed his Objections to the R&R, he filed a Motion to Stay Proceedings. (ECF No. 35.) Petitioner stated that good cause existed for a stay because Petitioner's Motion Seeking Relief from Judgment Pursuant to Rule 60(b) was pending before the state court. The court granted Petitioner's Motion to Stay on March 30, 2007, for a period of twenty-one days. (ECF No. 36.) In its Order, the court stated that, after the passage of twenty-one days, the court intended to rule on the Magistrate Judge's pending R&R. (*Id.*) Moreover, the court instructed

Petitioner that, "if there is anything in Petitioner's state court litigation that he thinks is relevant to the matters at issue, he should update the court immediately." (*Id.*)

Petitioner responded to the Court's order on April 13, 2007, by filing his Notice to Update the Court, wherein he enclosed over 300 pages of what Petitioner described as "relevant portions of the Petitioner's State Court proceedings which are material to the issues currently pending before this Court." (ECF No. 38.) The court subsequently issued an Order on August 6, 2007, that Respondent should notify the court by August 20, 2007, regarding whether it deems any portion of Petitioner's submission to be relevant with respect to the court's pending ruling on the Magistrate Judge's R&R. (ECF No. 39.)

In response to the court's Order, Respondent timely filed its Motion to Strike Petitioner's Notice to Update the Court. (ECF No. 40.) Respondent's first basis for striking Petitioner's document submissions was that they arose from various civil proceedings conducted in the state courts, including an action for wrongful death and a divorce proceeding. (*Id.*) Respondent's second basis for striking Petitioner's document submission was that most of the other documents, and any documents actually related to the instant case, are documents that were included as exhibits to the Return of Writ. (*Id.*) Therefore, Respondent argued that the documents are irrelevant to this court's ruling on whether it should adopt the Magistrate Judge's R&R. The court finds that Respondent's arguments are well-taken. Accordingly, the court grants Respondent's Motion to Strike.

### III. PETITIONER'S MOTION REQUESTING COURT ORDER WITH INSTRUCTIONS

On March 10, 2008, Petitioner requested that the court issue an order to Respondent with instructions to "immediately stop the unlawful confiscation of the Petitioner's incoming legal materials." (ECF No. 40.) Specifically, Petitioner maintains that:

8

> [F]amily members are not permitted to mail legal materials to the petitioner unless the material is mailed to the Petitioner 5 pages at a time. However, if an attorney or court mails the Petitioner legal material, the material is not considered "contraband" and the petitioner is permitted to receive the material.

(*Id.* at 1.) Moreover, Petitioner asserts that:

> [T]his is not a request for relief pursuant to 42 U.S.C. § 1983, this is a request for an order, issued by this Court to prohibit the Respondent or members of his staff from confiscating the Petitioner's legal material when such action is in direct violation of the Petitioner's Constitutional rights.

(*Id.* at 1-2.) In the alternative, Petitioner asks that the court appoint him counsel "for the purpose of assisting the Petitioner in obtaining the legal materials necessary for any potential future appeals or filings." (*Id.* at 4.)

However, the court finds that Petitioner's request is in fact a request for injunctive relief under 42 U.S.C. § 1983. Therefore, if Petitioner chooses to do so, and after he has exhausted his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), Petitioner may seek relief by filing a § 1983 claim against Respondent.[1] *See, e.g., Qawi v. Stegall*, No. 98-1402, 2000 U.S. App. LEXIS 9656 (6th Cir. May 3, 2000) (dismissing the petitioner prisoner's § 1983 claim against the respondent warden for the respondent's alleged confiscation and destruction of petitioner's legal papers because the petitioner failed to exhaust his administrative remedies, pursuant to 42 U.S.C. § 1997e(a)).

---

[1] Title 42 U.S.C. § 1997e(a) provides, in pertinent part, that:

> No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

9

Additionally, the court denies Petitioner's request for an attorney to assist with his appeal. Petitioner is not entitled to an attorney on collateral review, and the court has no funds to appoint an attorney for Petitioner.

### **IV. CONCLUSION**

For the reasons stated above, the court hereby denies Nixon's Petition (ECF No. 1), and final judgment is entered in favor of Respondent. The court further certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). The court also grants Respondent's Motion to Strike Petitioner's Notice to Update the Court (ECF No. 40) and denies as moot Nixon's Motion for Requesting Court Order with Instructions (ECF No. 41).

IT IS SO ORDERED.

/s/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

April 18, 2008